UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN CRAFT, | Civil Action No. 17-1221 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| WILLIE BONDS, et al., | |
| Respondents. | |

This matter comes before the Court on a self-titled Rule 60(b) motion filed by Nathan Craft, seeking to vacate a prior criminal conviction by the State of New Jersey. However, this Court can only vacate a judgment or order of its own or, under extraordinary circumstances, vacate the judgment or order of another district court. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008). This Court has no authority, under the guise of Rule 60, to vacate a state court judgment. *Green v. Coleman*, No. 14-0074, 2014 WL 1050542, at *2 (W.D. Pa. Mar. 18, 2014) (citing *Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007)). As such, Petitioner's filing is more properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

However, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014), which includes a declaration that the Petition contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.

IT IS therefore on this ___27___ day of ___February___, 2017,

ORDERED that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
Peter G. Sheridan, U.S.D.J.