**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NATHAN CRAFT, | : | |
| Petitioner, | : | Civil Action No. 17-1221 (PGS) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| WILLIE BONDS, et al., | : | |
| Respondents. | : | |

**SHERIDAN, District Judge:**

Petitioner Nathan Craft, confined at the South Woods State Prison in Bridgeton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the State of New Jersey for a drug crime obtained through a guilty plea. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief.

The Petition raises exactly one claim, that certain evidence acquired by the police was obtained in violation of his Fourth Amendment rights. Attached to the Petition, as an exhibit, is the decision by the appellate court on direct appeal, which addressed this issue. ECF No. 1-5. According to the appellate court, the trial court adjudicated this issue during a suppression hearing, and ruled against the Petitioner. *Id.* at 4. The appellate court summarized the facts as follows:

> Carteret police received a tip from an informant in May 2011 that defendant sold drugs out of a house on Essex Street in Carteret, using a silver Chevrolet Impala to make deliveries. Over one year later, on June 8, 2012, Carteret police received a tip from another informant that defendant would be leaving Essex Street in Carteret, driving the Impala, to execute a drug sale in Old Bridge. Based on the information

received, the police discovered that the car was not registered to defendant. Soon after receiving the tip, Dammann and another officer were proceeding to Essex Street in Carteret when they observed defendant operating the Impala. As they followed defendant, he made a left turn without activating his turn signal. The officers effectuated a motor vehicle stop.

Upon request, defendant provided the officers with a valid New York driver's license. However, after the officer's conducted a records-check it was determined that defendant's New Jersey driving privilege was suspended. Defendant was placed under arrest for driving while suspended and was read his *Miranda* rights.

Dammann requested defendant's consent to search the car, to which he responded, "[Y]es, I have no problem with that." Dammann presented a consent-to-search form to defendant for his signature. Dammann first read the form to defendant, then defendant was provided the form for his review. When Dammann asked defendant to sign the form, defendant refusedj stating, "I just told you that you can search the vehicle. I don't need to sign anything."

In response, Dammann again explained to defendant his rights regarding a search by consent, particularly his right to be present at the search. Dammann renewed his request to defendant to execute the form. Defendant declined to sign the form, explaining he would not do so because the car was in his girlfriend's name, and stated that he consented to the search and did not need to be present during the search. Dammann wrote on the form, "consent granted with signature refused." The search was then conducted. As a result of the search, a substance later determined to be cocaine was found in the car.

After the search, defendant was transported to police headquarters for a videotaped interview. Defendant was again given *Miranda* warnings. During the interview, defendant acknowledged that he was provided with a consent-to-search form but refused to sign it. He also denied that he consented to the search. Defendant alleged that he advised Dammann that while he did not mind if the police conducted a search of the car, they would need to obtain consent from the owner.

In the initial written decision denying defendant's motion to suppress, the judge found Dammann's testimony to be credible. The judge, by contrast, found that defendant was "elusive and coy" and "deceptive" during the videotaped interview. Following the reconstruction hearing, the judge renewed the finding that Dammann's testimony was credible. After noting defendant's attempt to backtrack from his consent during the videotaped interview, the judge described him as "deceptive, misleading and less than forthright" as well as "indirect, often times changing the subject when questioned, and less than responsive to questions." The judge concluded in both decisions that defendant voluntarily gave consent to the search, and had full knowledge of his right to refuse consent or withdraw consent at any time.

*Id.* at 4-7. The appellate court affirmed the trial court's decision to deny Petitioner's motion to suppress, holding that:

> The record supports the determination by the motion judge that defendant had authority to grant consent to the search, was aware he could refuse consent, and consented to the search knowingly and voluntarily at the time of the stop. Furthermore, the police had a reasonable articulable suspicion that defendant possessed narcotics. Further, we defer to the trial judge's credibility determinations regarding the defendant's statements prior to and during the interview at police headquarters.

*Id.* at 12.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

To begin, the Court finds that Petitioner's guilty plea does not preclude him from raising this issue on federal habeas. Although he pled guilty, that plea was conditional, and expressly

3

reserved his right to challenge the suppression issue on appeal. ECF No. 1-5 at 3. By doing so, he also preserved his right to challenge that same issue on federal habeas despite having pled guilty. *See Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975).

Here, the Petition is extremely sparse, and simply states that "[t]he drugs seized in the search of the car must be suppressed because the police did not obtain petitioner's voluntary consent or obtain a warrant to search." ECF No. 3 at 6. As such, it does not appear that Petitioner is attacking the legal basis of the state court's decision—indeed, valid consent is an affirmative defense to an illegal search claim, *Helen v. North Carolina*, 135 S. Ct. 530, 536 (2014)—and his claim necessarily challenges the factual basis of the state court's decision, that Petitioner gave his consent. However, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Sumner v. Mata*, 449 U.S. 539, 546 (1981) ("[Deference to the state court] applies to cases in which a state court of competent jurisdiction has made 'a determination after a hearing on the merits of a factual issue.'"). Petitioner has submitted no clear and convincing evidence that the state court's factual findings were incorrect; in fact, the Petition does not even make any factual allegations to that effect. In essence, Petitioner asks this Court to review the state court's decision on the Fourth Amendment issue, without asserting that the state court made either an error of law or an error of fact, so the Court is unsure on what basis Petitioner claims relief. Accordingly, the Petition is dismissed for failure to state a claim upon which relief may be granted. In the interest of justice, the Court affords Petitioner 45 days to amend the Petition to fully articulate his claim, consistent

with the holdings herein.  Again, Petitioner is advised that he must provide clear and convincing evidence to rebut the state court's factual findings, or risk dismissal once more.

Peter G. Sheridan, U.S.D.J.

Date: 7/23/17