*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN CRAFT, <br><br> Petitioner, <br><br> v. <br><br> WILLIE BONDS, et al., <br><br> Respondents. | Civil Action No. 17-1221 (PGS) <br><br> **MEMORANDUM OPINION** |

**SHERIDAN, District Judge:**

Petitioner Nathan Craft, confined at the South Woods State Prison in Bridgeton, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the State of New Jersey for a drug crime obtained through a guilty plea. The Court screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and determined that the Petition did not raise a cognizable claim on habeas because Petitioner merely challenges a factual determination by the state court without providing clear and convincing evidence that the state court's factual finding was unreasonable. ECF No. 5 at 4; *see* 28 U.S.C. § 2254(e)(1). The Court, however, afforded him an opportunity to amend the Petition. ECF No. 5 at 4-5. Presently before the Court is a memorandum of law, with attached exhibits, submitted by him in response. ECF No. 7.

As the Court summarized in the prior opinion, the Petition raises a single Fourth Amendment claim, that evidence obtain by police officers from a vehicle operated by Petitioner at the time of his arrest was seized based on an illegal search of the vehicle, and therefore the trial court erred by allowing the evidence to be presented at trial. ECF No. 5 at 1-2. State court

disagreed, finding that testimony by one of the arresting officers indicated that Petitioner gave verbal consent to search the vehicle. *Id.* at 2. Although Petitioner later attempted to refute his consent at the police station after the arrest, which was recorded on video, the trial court found his attempt "deceptive, misleading and less than forthright." *Id.* The Court found that Petitioner merely challenges a factual determination by the state court, and held that to satisfy his burden on federal habeas, he must provide clear and convincing evidence to rebut the state court's factual finding.

In his memorandum of law, Petitioner does not provide such evidence. He repeats his assertion that the trial court's factual finding was not supported by the evidence presented, but federal habeas is not a second chance for him to re-litigate an issue that has already been litigated in state court. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). It is not enough Petitioner presents evidence to show that his claim has arguable merit; he must provide clear and convincing evidence that the trial court's finding was not only incorrect, but was unreasonable. Habeas relief is only warranted when there is no possibility fairminded jurists could agree with the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Here, the state court's finding was primarily based on the testimony of one of the arresting officers. Petitioner provides no evidence to rebut the officer's testimony, other than his own self-serving assertions that the officer's testimony was fabricated. The state court already rejected that

2

argument, and Petitioner offers no evidence that would allow this Court to question that finding—he presents no evidence that the officer lied to the trial court, no evidence that the officer had any reason to lie, no evidence that the consent was "fabricated," and certainly no evidence that the suppression hearing was unfair in some fashion. All of the evidence he points to were presented to the state court, and the state court simply chose to believe the officer over him. He argues that "[t]he State has not carried its burden of proof[,]" ECF No. 7 at 3, but he misunderstands the law—the State already carried its burden of proof when the state court ruled against him, and on federal habeas, it is *Petitioner* who bears the burden of proving that he is entitled to relief. "Except in cases involving a violation of a specific constitutional provision such as the Confrontation Clause, this Court may not reverse a state trial judge's action in the admission of evidence unless the evidentiary ruling so infuses the trial with unfairness as to deny due process of law." *Riggins v. Nevada*, 504 U.S. 127, 147 (1992). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Accordingly, the Court finds that Petitioner has not stated a cognizable claim on federal habeas, and the Petition is dismissed.

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–*

*El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

Date: 9/6/17

_____
**Peter G. Sheridan, U.S.D.J.**